UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNNY WILLIAMS,

    Plaintiff,

    v.

CENTERPLATE, INC., et al.,

    Defendants.

Case No. 14-cv-02967-VC

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

Re: Dkt. No. 13

    The motion to remand this case to state court is granted.

    On April 24, 2014, Plaintiff Johnny Williams filed a putative class action complaint against Defendants Centerplate, Inc. et al. in Superior Court of California, San Francisco, alleging wage and hour violations under the California Labor Code arising from Defendants' employment of "roving vendors" at sporting and event venues in California. Docket No. 5, Exhibit #1. On June 26, 2014, The defendants removed to this Court on the grounds that, because the terms of Williams' employment (and the employment of many of the employees Plaintiff seeks to represent in the putative class action) are governed in part by a collective bargaining agreement ("CBA") with Teamsters Local 853, his claims are preempted by Section 301 of the Labor Relations Management Act ("LRMA") and by *Garmon* preemption. Docket No. 1; *see San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244 (1959).

    Section 301 of the LRMA provides jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). "[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action for [such a] violation . . . . Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Franchise Tax Bd. of Cal. v. Constr. Laborers*

*Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983).  Section 301 preemption "must be construed to cover most state-law actions that require interpretation of labor agreements." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000) (internal quotation marks omitted).  However, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).  "[T]he Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." *Balcorta*, 208 F.3d at 1108.  And the Ninth Circuit "ha[s] stressed that, in the context of § 301 complete preemption, the term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Id.*  Moreover, "the mere fact that a broad contractual protection . . . provide[s] a remedy for conduct that coincidentally violates state-law does not make the existence or the contours of the state law violation dependent upon the terms of the private contract." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412–13 (1988).  "[W]here a plaintiff contends that an employer's actions violated a state-law obligation, wholly independent of its obligations under the CBA, there is no preemption." *Espinal v. Nw. Airlines*, 90 F.3d 1452, 1456 (9th Cir. 1996).

Here, Williams claims that the defendants violated California law by, among other things, failing provide meal and rest periods, failing to pay minimum wages, overtime wages, and failing to indemnify employees for work expenditures.  Docket No. 5, Exhibit #1.  To be sure, Williams' allegations might also state a claim for breaches of the CBA.  But evaluation of Plaintiff's state claim is not "inextricably intertwined with consideration of the terms of the labor contract." *Allis–Chalmers,* 471 U.S. at 213.  Rather, Williams' claims are based on "nonnegotiable rights conferred on individual employees as a matter of state law, . . . independent of rights under the collective-bargaining agreement." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994) (internal quotation marks omitted).  Such claims are not preempted by § 301.  *Id.* at 123–24.

Nor is there removal jurisdiction under *Garmon.*  In that case, the Supreme Court held that the NLRB has original, exclusive jurisdiction over claims of unfair labor practices arising under Sections 7 and 8 of the National Labor Relations Act.  *Garmon*, 359 U.S. at 245 ("When an

2

activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board."). The Ninth Circuit has since made clear both that "*Garmon* preemption is not a basis for removal from state to federal court jurisdiction," and that "the assertion of *Garmon* preemption does not create a federal question for federal court jurisdiction." *Hayden v. Reickerd*, 957 F.2d 1506, 1512 (9th Cir. 1991).

In his remand motion, Williams seeks an award of attorney's fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision whether to award attorney's fees under § 1447(c) is committed to the discretion of the district court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

While *Garmon* preemption did not provide Defendants' with an objectively reasonable basis for removal, the Court cannot say the same about Defendant's argument for preemption under § 301 of the LRMA. "There is no question that [this] argument [was a] loser[]. But removal is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). The Court therefore declines to award attorney's fees in this case.

**IT IS SO ORDERED**.

Dated: September 24, 2014

_____
VINCE CHHABRIA
United States District Judge